# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Mark John Carney,

              Civil No. 05-538 (RHK/JSM)

     Petitioner,

                **ORDER**

  vs.

Joan Fabian, Minnesota Commissioner
of Corrections,

     Respondent.

_____

Before the Court are Petitioner's Objections to the Report and Recommendation

(R&R) of Magistrate Judge Janie S. Mayeron in which Judge Mayeron recommended that

his application for habeas corpus relief under 28 U.S.C. § 2254 be denied.  The undersigned

has conducted a de novo review of the objected to portions of the R&R and concluded, for

the reasons set forth by Judge Mayeron, that the R&R should be adopted in its entirety.

Petitioner also argues that if the Magistrate Judge's Report and Recommendation

were adopted, and his application for a writ of habeas corpus denied, he should be granted a

Certificate of Appealability ("COA") for three issues that he would seek to raise in the

Eighth Circuit Court of Appeals.  He described these three issues as follows:

> (1) "Whether Petitioner was denied due process when he was denied a
> jury instruction on heat-of-passion consistent with his defense and there
> were facts to support a conviction on the lesser offense."

> (2) "Whether Petitioner adequately presented a federal constitutional
> claim for review by the Minnesota Supreme Court when he raised his jury
> instruction claim on direct appeal to the Minnesota Supreme court."

(3) Whether "[t]he Minnesota [Supreme] Court reached a result contrary to Massaro v. United States, 538 U.S. 500 (2003) and the Sixth and Fourteenth Amendments by declining to review Petitioner's ineffective assistance of counsel claim."

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed

further'") (citation omitted).

In Slack v. McDaniel, supra, the Supreme Court explained how the federal district

courts should determine COA eligibility in habeas cases that have been dismissed on

procedural grounds, rather than on the merits.

> "When the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, a COA
> should issue when the prisoner shows, at least, that jurists of reason would
> find it debatable whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable whether
> the district court was correct in its procedural ruling....
>
> [Thus,] determining whether a COA should issue where the petition was
> dismissed on procedural grounds has two components, one directed at the
> underlying constitutional claims and one directed at the district court's
> procedural holding.  Section 2253 mandates that both showings be made
> before the court of appeals may entertain the appeal."

529 U.S. at 484-85.

In this case, the Court has determined that Petitioner procedurally defaulted his

primary claim for relief – i.e., that he was deprived of his constitutional right to due

process because the trial court declined to give a "heat-of-passion" instruction.  According

to Slack, Petitioner cannot be granted a COA on that claim, unless the Court finds both (i)

"that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling," and (ii) "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right." 529 U.S. at

484.

With regard to the first <u>Slack</u> criterion, this Court is satisfied that it is at least

debatable whether Petitioner fairly presented his heat-of-passion claim <u>as a federal</u>

<u>constitutional claim</u> in his direct appeal to the Minnesota Supreme Court.  If he did fairly

present that claim, as a constitutional due process claim, on direct appeal (contrary to this

Court's determination), then it was not procedurally defaulted.  While the Court agrees with

the Magistrate Judge's resolution of the procedural default issue, the Court accepts

Petitioner's contention that reasonable jurists could "find it debatable whether the district

court was correct in its procedural ruling."

The second criterion identified in <u>Slack</u> – i.e., whether Petitioner's substantive

constitutional claim is debatable among reasonable jurists – is more problematic.  Because

the Court has found Petitioner's heat-of-passion claim to be procedurally defaulted, the

merits of that claim could not properly be addressed here.  However, to ensure that the

procedural default ruling qualifies for appellate review, as the Court believes it should, the

Court also determines that Petitioner's underlying constitutional claim is debatable among

jurists of reason.

Therefore, Petitioner will be granted a COA for the first two issues for which he has

requested a COA, namely (i) the procedural issue of whether he defaulted his current heat-

of-passion claim, because he did not fairly present that claim as a federal constitutional

claim in his direct appeal to the Minnesota Supreme Court, and (ii) the substantive issue of

whether he actually was denied due process because the trial court declined to give the jury

a heat-of-passion instruction that would have allowed for conviction on a lesser offense.

Petitioner's request for a COA for his claim based on <u>Massaro v. United States</u> will

be denied.  It certainly appears that the Minnesota Supreme Court's ruling on Petitioner's

ineffective assistance of counsel claim does <u>not</u> follow <u>Massaro</u>.  However, as the

Magistrate Judge explained in her Report and Recommendation, there is no constitutional

ruling in <u>Massaro</u> that is binding on the state courts.  Therefore, Petitioner has not "made a

substantial showing of the denial of a constitutional right" with regard to his claim based on

<u>Massaro</u>.

Accordingly, and upon all the files, records and proceedings herein, **IT IS**

**ORDERED**:

1.  Petitioner's Objections (Doc. No. 17) are **OVERRULED**;

2.  The Report and Recommendation (Doc. No. 16) is **ADOPTED**;

3.  Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254 (Doc.

No. 1) is **DENIED**; and

4.  Petitioner's request for a Certificate of Appealability is **GRANTED IN PART**

with respect to the following two issues:

1.  Whether Petitioner was denied due process when he was denied a jury
instruction on heat-of-passion consistent with his defense and there were
facts to support a conviction on the lesser offense; and

2.  Whether Petitioner adequately presented a federal constitutional claim
for review by the Minnesota Supreme Court when he raised his jury
instruction claim on direct appeal to the Minnesota Supreme Court; and

**DENIED** with respect to the issue of whether "The Minnesota [Supreme] Court reached a

result contrary to <u>Massaro v. United States</u>, 538 U.S. 500 (2003) and the Sixth and

Fourteenth Amendments by declining to review Petitioner's ineffective assistance of

counsel claim."

Dated: July 21, 2006

<u>s/Richard H. Kyle</u>
RICHARD H. KYLE
United States District Judge
